# IN THE COURT OF APPEALS OF IOWA

No. 15-0853
Filed August 17, 2016

**CECIL WATSON,**
    Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
    Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Robert B. Hanson, Judge.

Petitioner appeals the district court decision denying his application for postconviction relief on the ground it was untimely. **AFFIRMED.**

Christopher R. Kemp of Kemp & Sease, Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee State.

Considered by Vogel, P.J., and Doyle and Bower, JJ.

**BOWER, Judge.**

Cecil Watson appeals the district court decision denying his application for postconviction relief on the ground it was untimely. We find Watson's application was not filed within three years after procedendo was issued in his direct appeal, and because his claims do not fall within the exception for a ground of fact or law that could not have been raised within the applicable time period, we affirm the decision of the district court.

Watson was convicted of conspiracy to deliver crack cocaine, possession of crack cocaine with the intent to deliver, and failure to possess a drug tax stamp. On appeal, we vacated Watson's conviction for conspiracy to deliver crack cocaine and affirmed his other convictions. *See State v. Watson*, No. 08-0339, 2009 WL 1492690, at *4 (Iowa Ct. App. May 29, 2009). Procedendo was issued on August 3, 2009.

Watson filed the present application for postconviction relief on September 25, 2014.[1] The State filed a motion for summary judgment, claiming the application was untimely under Iowa Code section 822.3 (2013). Watson resisted the motion. The district court granted summary judgment, finding Watson's application was filed more than three years after procedendo was issued in his direct appeal. Watson appeals.

We review a district court's ruling finding an application for postconviction relief was untimely for the correction of errors at law. *Harrington v. State*, 659

---

[1] Watson filed an earlier application for postconviction relief, claiming he received ineffective assistance of counsel. The district court denied his application, and we affirmed on appeal. *See Watson v. State*, No. 11-1833, 2013 WL 99862, at *8 (Iowa Ct. App. Jan. 9, 2013).

N.W.2d 509, 519 (Iowa 2003).  We will affirm if the court's findings of fact are supported by substantial evidence and the law was correctly applied.  *Id.* at 520.

When a party has filed a direct appeal of a criminal conviction, an application for postconviction relief must be filed within three years from the date the writ of procedendo was issued.  Iowa Code § 822.3.  "However, this limitation does not apply to a ground of fact or law that could not have been raised within the applicable time period."  *Id.*

On appeal, Watson has raised a new issue, claiming his application for postconviction relief comes within the exception found in section 822.3 because it involves an issue of law "that could not have been raised within the applicable time period."  *See id.*  In Watson's direct appeal we stated:

> On August 30, 2007, police officers obtained a warrant to search Cecil Watson's residence and person.  Watson was not at home when officers arrived to search his residence.  Later that day, officers received a tip that Watson would be driving to CiCi's Pizza and waited for him in unmarked vehicles.  When Watson pulled into the parking lot, officers blocked in the vehicle driven by Watson and converged on the vehicle to execute the warrant.

*Watson*, 2006 WL 1492690, at *1.

Watson claims the officers improperly stopped his vehicle based upon a tip.  He relies upon *State v. Kooima*, 833 N.W.2d 202, 210–11 (Iowa 2013), which states:

> Accordingly, we hold a bare assertion by an anonymous tipster, without relaying to the police a personal observation of erratic driving, other facts to establish the driver is intoxicated, or details not available to the general public as to the defendant's future actions does not have the requisite indicia of reliability to justify an investigatory stop.  Such a tip does not meet the requirements of the Fourth Amendment.

Watson states he was unable to raise this issue until *Kooima* was decided in 2013, and therefore, his claim comes within the exception in section 822.3.

Even if *Kooima* applied retroactively, we determine it does not apply to the factual situation here. *Kooima* involved an investigatory stop based on the bare assertions of an anonymous tipster. 833 N.W.2d at 210–11. Watson's case does not involve an investigatory stop based only on a tip. Rather, the officers had a warrant to search his residence and person, and the tip related only to Watson's location at the time he was stopped by the officers. *Watson*, 2009 WL 1492690, at *1. Because *Kooima* is not factually applicable, we conclude the Iowa Supreme Court's holding in *Kooima* does not provide Watson with a ground of law "that could not have been raised within the applicable time period." *See* Iowa Code § 822.3.

Because Watson's claims do not come within the exception found in section 822.3, we determine his application is untimely because it was not filed within three years after procedendo was issued in his direct appeal. *See id.* We affirm the decision of the district court.

**AFFIRMED.**